# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **KRISTINE A. CHRISTENSEN,**<br><br>Plaintiff,<br><br>v.<br><br>**NANCY A. BERRYHILL,**[1] **Acting Commissioner of Social Security,**<br><br>Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 1:16-cv-00043-RJS-PMW<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

District Judge Robert J. Shelby referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[2] Before the court is Kristine A. Christensen's ("Plaintiff" or "Ms. Christensen") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").[3] After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case. After careful review of the administrative record, the parties' briefs, and the relevant law, the court finds no reversible legal error and concludes that the Commissioner's decision is supported by substantial evidence. The court therefore recommends that the decision be affirmed.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the Defendant in this action.  *See* docket no. 24.
[2] *See* docket no. 13.
[3] *See* docket no. 19

1

## BACKGROUND

Ms. Christensen, an insured under the Act, was 44 years old when she filed her application for SSI on or about July 30, 2012.[4] Ms. Christensen completed her GED and has past relevant work experience as a telemarketer, gas station attendant, laborer, manufacturer, and sanitizer.[5] Ms. Christensen alleged disability beginning on July 30, 2012, due to multiple sclerosis ("MS").[6] At the administrative hearing in July 2014,[7] Ms. Christensen testified that she also had problems sleeping and had headaches that were "constant" for the year prior,[8] and that she had experienced hip pain[9] and hand cramping for six years.[10] The Plaintiff was represented by counsel at the July 2014 hearing.[11]

The Social Security Administration's ("SSA") Administrative Law Judge (the "ALJ") denied Plaintiff's application.[12] Plaintiff filed a Request for Review of the ALJ's decision with the SSA Appeals Council.[13] The Appeals Council denied Ms. Christensen's request for review.[14] Accordingly, the ALJ's decision is the final disposition of the Commissioner and is ripe for judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. § 416.1481.

The ALJ followed the five-step sequential evaluation process for evaluating disability claims, discussed in more detail below. At step one, the ALJ determined that Plaintiff has not

---

[4] *See* docket no. 7, Administrative Record ("Tr. ____") 24, 38.
[5] *See* Tr. 179.
[6] *See* Tr. 24, 178.
[7] *See* Tr. 45-73.
[8] Tr. 56.
[9] *See* Tr. 58.
[10] *See* Tr. 61.
[11] *See* Tr. 45.
[12] *See* Tr. 24-40.
[13] *See* Tr. 18-20.
[14] *See* Tr.

engaged in substantial gainful activity since July 30, 2012, the date of Ms. Christensen's application.[15] At step two, the ALJ recognized that Plaintiff the severe impairments of MS; "depressive disorder, not otherwise specified; mixed anxiety disorder with panic attacks; and cognitive disorder, not otherwise specified."[16] At step three, the ALJ concluded that Plaintiff did not meet a listing.[17] In assessing Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff had the RFC to perform sedentary work, except for the following limitations.[18] The ALJ concluded that Plaintiff can:

1.  occasionally lift 10 pounds and frequently lift less than 10 pounds;

2.  stand 2 out of 8 hours;

3.  walk 2 of 8 hours;

4.  sit 6 of 8 hours;

5.  occasionally balance, stoop, crouch, kneel, crawl and climb ramps, stairs, ladders, ropes and scaffolds;

6.  tolerate no more than occasional exposure to extreme heat and extreme cold;

7.  only make simple work-related judgments and decisions due to pain, side effects of medications and mental impairments;

8.  understand, remember and carry out only short and simple instructions;

9.  deal with only occasional changes in a routine work setting; and,

10. do no fast-paced work, but can do goal-oriented work.[19]

---

[15] *See* Tr. 26.
[16] Tr. 26.
[17] *Id.*
[18] *See* Tr. 29.
[19] *Id.*

The ALJ concluded at step four that Ms. Christensen is unable to perform any past relevant work.[20] At step five, based on the vocational expert's testimony, the ALJ determined that Plaintiff could perform other work that exists in in significant numbers in the national economy, and therefore was not disabled as defined in the Act.[21]

## STANDARD OF REVIEW

The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted).  In reviewing the ALJ's decision, the court cannot "reweigh the evidence" or "substitute" its judgment for that of the ALJ.  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted).  "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988) (discussing the five step process).  If a determination can be made at any one

---

[20] *See* Tr. 38.
[21] *See* Tr. 38-39.

4

of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4). The five step sequential disability determination is as follows:

> 1. If the claimant is performing substantial gainful work she is not disabled.
>
> 2. If the claimant is not performing substantial gainful work, her impairment(s) must be severe before she can be found to be disabled.
>
> 3. If claimant is not performing substantial gainful work and has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in [20 C.F.R. § 404, Part P, Appendix 1], the claimant is presumed disabled without further inquiry.
>
> 4. If the claimant's impairment(s) does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her [RFC] and vocational factors, she is not disabled.

*Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); *see* 20 C.F.R. § 416.920(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51. The claimant bears the burden of proof beginning with step one and ending with step four. *See Williams*, 844 F.2d at 750–51; *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). At step five, the burden of proof shifts to the Commissioner to establish "whether the claimant has the [RFC] . . . to perform other work in the national economy in view of his [or her] age, education, and work experience." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(v).

**DISCUSSION**

Plaintiff's opening brief alleges three flaws in the ALJ's decision. First, Plaintiff alleges that the ALJ failed to adequately develop the record.[22] Second, Plaintiff argues that the ALJ abused his discretion by failing to include testimony and evidence from the hearing in fashioning the RFC.[23] Finally, Plaintiff argues that the physical and mental limitations set forth in the RFC were inconsistent with the demands of the jobs identified by the vocational expert.[24]

The court has carefully reviewed the administrative record and finds that Plaintiff has failed to provide the court grounds on which to overturn the decision of the Commissioner. The court finds that the ALJ applied the correct legal standards and the ALJ's decision is supported by the substantial evidence.

## I. The ALJ Adequately Developed the Record

Plaintiff claims that the ALJ failed to adequately develop the record as to recently developed impairments to which Ms. Christensen testified at the hearing, including migraine headaches, hip pain, hand pain, and agoraphobia.[25] Plaintiff contends that "there was insufficient inquiry regarding the nature of such new impairments," and "[h]ad the [ALJ] made a proper inquiry into and assessment of all of Ms. Christensen's impairments . . . and factored them into the RFC," the ALJ would have concluded that Ms. Christensen was unable to perform any work.[26] The record shows that the ALJ explicitly considered these impairments, but found them

---

[22] *See* docket no. 19 at 8-12.
[23] *See id.* at 12-18.
[24] *See* docket no. 19 at 18-19.
[25] *See* Tr. 9-10.
[26] Docket no. 19 at 10, 12.

unsupported by the record.[27] The ALJ found that Plaintiff did not mention headaches, agoraphobia, and hip pain to doctors with any regularity, and that the record lacked objective evidence to substantiate those claims.[28]

"The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie*, 13 F.3d at 360–61. "The duty is one of inquiry, ensuring that the ALJ is informed about 'facts relevant to his decision and [learns] the claimant's own version of those facts.'" *Id.* at 361 (quoting *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987)). "[T]he ALJ's duty is triggered only after the plaintiff has satisfied his or her burden to provide objective evidence 'sufficient to suggest a reasonable possibility that a severe impairment exists.'" *Bryant v. Barnhart*, 36 F. App'x 405, 407 (10th Cir. 2002) (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)). "In deciding how much evidence is sufficient to raise the issue, 'the starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation.'" *Id.* (quoting *Hawkins*, 113 F.3d at 1167). Although the duty to develop the record remains even when a claimant is represented by counsel, "in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development." *Hawkins*, 113 F.3d at 1167.

In reaching a conclusion about whether a claimant is disabled, an ALJ will evaluate claimant's statements regarding her symptoms, compare them to "the objective medical evidence" and "will consider whether there are any inconsistencies in the evidence and the extent

---

[27] Tr. 34-36.
[28] *See* Tr. 34-35.

7

to which there are any conflicts between [the] statements and the rest of the evidence." 20 C.F.R. § 416.929(c)(4). An ALJ may properly consider "the extensiveness of the attempts (medical or nonmedical) to obtain relief, [and] the frequency of medical contacts" in determining the credibility of a claimant's pain testimony. *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988).

Here, Ms. Christensen was represented at the hearing by counsel. The transcript of the hearing indicates that Ms. Christensen's counsel represented to the ALJ that the record was complete.[29] *See Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008) ("[W]e will not ordinarily reverse or remand for failure to develop the record when a claimant is represented by counsel who affirmatively submits to the ALJ that the record is complete.").

Moreover, the record shows that the ALJ explicitly considered the impairments about which Ms. Christensen testified at the hearing, but found them unsupported by the record.[30] The ALJ found that Plaintiff did not mention headaches, agoraphobia, and hip pain to doctors with any regularity, and that the record lacked objective evidence to substantiate those claims.[31] Although Plaintiff argues that the reason the medical record does not discuss these impairments "because the impairments at issue were all recent,"[32] the ALJ properly relied on the lack of medical treatment in evaluating the credibility of the statements and severity of the symptoms.[33]

---

[29] *See* Tr. 47-48 ("ALJ: Do you have any objections to the material we have in the file? ATTY: No, sir. ALJ: Are we missing anything to the best of your knowledge? ATTY: No, we are not.").
[30] *See* Tr. 34-36.
[31] *See* Tr. 34-35.
[32] Docket no. 19 at 10.
[33] *See* Tr. 36 ("It is also significant to note that the claimant has had no treatment since April 2013.").

8

Accordingly, the court finds that the ALJ fulfilled his duty to develop the record, and the ALJ's decision should not be disturbed on that ground.

## II. The ALJ's RFC Determination is Supported by Substantial Evidence

Plaintiff next argues that the ALJ's RFC determination is flawed because the RFC did not include Ms. Christensen's "recent impairments."[34] Plaintiff alleges that the ALJ's decision is not supported by substantial evidence because the ALJ presented three hypotheticals to the vocational expert at the hearing, but did not rely on the expert's testimony as to the third hypothetical, which Plaintiff argues more closely matches her actual limitations.[35] The vocational expert testified that the third hypothetical set of limitations would eliminate all jobs.[36] Based on the hypothetical which included the limitations of Plaintiff's RFC, the vocational expert testified that such an individual could perform the unskilled jobs of charge account clerk, semiconductor bonder, and telephone clerk.[37]

Although the ALJ is required to include in the hypothetical all the limitations supported by the record, the ALJ is "not required to accept the answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record." *Bean v. Charter*, 77 F.3d 1210, 1214 (10th Cir. 1995). "By posing a particular hypothetical, an ALJ does not confine herself to making an RFC determination mirroring the hypothetical limitations." *Ruth v. Astrue*, 369 F. App'x 929, 931 (10th Cir. 2010) (unpublished); *see also Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (finding that where "the

---

[34] Docket no. 19 at 12, 18.
[35] *See id.* at 16.
[36] *See* Tr. 72.
[37] *See* Tr. 70-71.

9

hypothetical posed to the vocational expert did not set forth only impairments which had been accepted as true by the ALJ . . . [the vocational expert's] opinion was not binding on the ALJ").

Therefore, the ALJ was not required to include the additional limitations included in the third hypothetical in the final determination of Plaintiff's RFC, or in his conclusion at step five.

The ALJ's RFC determination was supported by the substantial evidence. The ALJ considered the entire record, including the Plaintiff's testimony– discussed above–as well as medical records,[38] and medical opinions. Based on the record, the ALJ determined that Ms. Christensen could perform sedentary work.[39]

The ALJ considered records of medical visits and treatment at Legacy Point Family Medicine from July 2011 through January 2013 with Emily Sandberg, PA, and Craig Julien, M.D., and Arif Chowdhury, M.D. at North Davis Neurology in April 2013.[40] The ALJ's analysis included consideration of Ms. Christensen's report of symptoms to each provider, test results, and diagnoses.[41]

The ALJ gave great weight to the opinions of Richard T. Grow, Ed.D,[42] who performed a psychological evaluation of Plaintiff, and Dr. Joseph Nelson, D.O., who performed a physical evaluation,[43] as well as state agency physicians Bernaldo Garso, Ph.D., and Philip Cali, Ph.D. Dr. Nelson opined that Ms. Christensen did not have any physical work-related limitations.[44] Dr. Grow diagnosed Plaintiff with depression, bipolar disorder, anxiety, cognitive disorder, and a

---

[38] *See* Tr. 31-36.
[39] *See* Tr. 29.
[40] *See* Tr. 31-33.
[41] *See id.*
[42] *See* Tr. 240-47.
[43] *See* Tr. 250-54.
[44] *See* Tr. 254.

history of polysubstance abuse.[45] Yet, Dr. Grow also concluded that although she had some problems with concentration and attention, she was able to understand, remember, and carry out simple three-step instructions and get along reasonably well with others.[46] Dr. Garso concluded that Ms. Christensen had moderate limitations in the areas of concentration and persistence and adaptation.[47] Dr. Cali agreed, adding a moderate limitation in the area of adaptation for setting realistic goals or making plans independently of others, but that these limitations would not preclude Plaintiff from "performing simple, low stress work activities."[48]

In summary, the court concludes that the ALJ's RFC was supported by substantial evidence in the record, and the ALJ did not err by not including hypotheticals not supported by the record.

### III. The ALJ Properly Relied on Jobs Identified by Vocational Expert

Finally, Plaintiff argues that the ALJ's finding at step five that she could perform jobs that existed in significant numbers in the national economy given her RFC is not supported by substantial evidence.[49] The ALJ posed a hypothetical to the vocational expert that reflected all of the functional limitations he found supported by the record and ultimately concluded in the RFC, including the limitation that Plaintiff could not perform fast-paced work.[50] The vocational expert testified that the hypothetical individual could perform the representative jobs of semiconductor

---

[45] *See* Tr. 246.
[46] *See* Tr. 247.
[47] *See* Tr. 79.
[48] Tr. 95.
[49] *See* docket no. 19 at 18-19.
[50] *See* Tr. 69.

bonder, charge account clerk, and telephone quotation clerk.[51] The ALJ relied on this testimony in finding Plaintiff was not disabled under the Act.[52]

Plaintiff argues that the limitation that she cannot do fast-paced work, means she would actually be precluded from performing the jobs identified by the vocational expert because "performance is usually measured in some type of objective, numerical manner" which "[s]ounds pretty fast paced."[53] Ms. Christensen cites to no authority in support of this argument, asserting only that she "fails to see how such jobs fit within" the RFC's limitation that she can do goal-oriented work, but not fast paced work.[54] The ALJ did not err in relying on the vocational expert's testimony, which is based on his expertise. *See Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990) ("The ALJ properly relied on the testimony of a vocational expert that plaintiff had [RFC] for a limited range of light work and there were jobs he could perform. This testimony is substantial evidence supporting the ALJ's conclusion that plaintiff was not disabled.").

## CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[51] *See* Tr. 71.
[52] *See* Tr. 39.
[53] Docket no. 19 at 19.
[54] *Id.*

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of March, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge